IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 11-59804-WLH |
| MALL OF SUGAR HILL, INC., | CHAPTER 11 |
| Debtor. | |

## OBJECTION OF UNITED COMMUNITY BANK TO DEBTOR'S PLAN OF REORGANIZATION

Pursuant to Section 1129 of the Bankruptcy Code, Rule 3015 of the Federal Rules of Bankruptcy Procedure and this Court's Order Regarding Disclosure Statement, Plan of Reorganization, and Application Requesting Conditional Approval of Disclosure Statement and Extension of Deadline for Confirming Debtor's Proposed Plan of Reorganization, UNITED COMMUNITY BANK, ("UCB") objects to confirmation of the Plan of Reorganization for Mall of Sugar Hill, Inc. (the "Plan").  In support thereof, UCB states as follows:

### Background – Standing to Object

1.

MALL OF SUGAR HILL, INC. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on April 1, 2011 (the "Petition Date").

2.

UCB is a creditor of the Debtor pursuant to a Promissory Note and Deed to Secure Debt, Assignment and Security Agreement, in the original principal amount of $1,542,288.60 (as amended or modified, the "Note").  The Note is secured by certain real property commonly known as 2535 Hickory Grove Road, Acworth, Georgia (the "Real Property") and in all personal property, rents, equipment, general intangibles, all building materials, fixtures, all accessions, inventory, chattle paper,

accounts, additions, replacements and substitutions relating to the Real Property (the "Personal Property"). The Real Property and Personal Property shall be collectively known as the "Collateral".

3.

UCB filed a secured Proof of Claim in the amount of $1,445,020.72 representing the indebtedness owed under the Note.

4.

The Debtor is in possession and control of the Collateral.

5.

Under the Plan, UCB is the holder of a Class 2 secured claim in the amount of $1,445,020.72. UCB's claim is being treated as fully secured. The Debtor is attempting to improperly reduce the interest rate for UCB's Class 2 secured claim by setting the interest rate during the 25-year amortizing period at 3.25% when the underlying Note specifically states that the interest rate shall be variable in line with the current prime rate.

**Objections to the Plan**

6.

Confirmation of a Chapter 11 Plan requires that a plan of reorganization comply with all of the requirements of Section 1129 of the Bankruptcy Code. In re Rivers End Apartments, Ltd., 167 B.R. 470, 475 (Bankr. S.D. Ohio 1994); In re Guilford Telecasters, Inc., 128 B.R. 622, 625 (Bankr. M.D.N.C. 1991). The burden of establishing each of these requirements rests squarely with the plan's proponents. Id.; In re Atrium Hightpoint, L.P., 1995 WL 736459 at *8 (Bankr. M.D.N.C. Nov. 17, 1995). Indeed, even in the absence of any confirmation objections, a bankruptcy court has an independent duty to determine whether the plan's proponents have met their burden and satisfied all confirmation requirements. In re Rivers End Apartments, Ltd., 167 B.R. at 475.

7.

UCB objects to confirmation of the Debtor's Plan as it has not been proposed in good faith. 11 U.S.C. § 1129(a)(3).

8.

UCB objects to Section 2.1.27 of the Plan as the Effective Date is excessive and delays the date upon which interest may begin to accrue on UCB's claim.  11 U.S.C. §§ 1129(a)(3) and 1129(b)(2).

9.

UCB objects to the Plan to the extent that it fails to satisfy the cram-down provisions of 11 U.S.C. §§ 1129(b)(2)(A) and (B).  The "fair and equitable" requirement is not satisfied with respect to a secured claim unless the claimholder: (1) retains its lien; and (2) receives "deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property." 11 U.S.C. § 1129(b)(2)(A)(i)(I)-(II). The first requirement is not at issue in this case.  Under the second requirement, total deferred payments must have a "present value" equal to the amount of the allowed secured claim.  The appropriate interest rate must be determined on the basis of the rate of interest which is reasonable in light of the risks involved. In re Southern States Motor Inns, Inc., 709 F.2d 647, 651 (11th Cir. 1983) (deferred payment of a claim under § 1129 is a "coerced loan and the rate of return with respect to such loan must correspond to the rate which would be charged or obtained by the creditor making a loan to a third party with similar terms, duration, collateral, and risk.").  Thus, in determining the interest rate, this Court must consider the prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default. Id.  If the plan proponent chooses a rate which is less that the "market" rate, then

7490A:00332:250278:2:ATLANTA

the stream of payments will not have a present value equal to the allowed amount of the claim. See <u>In re Bryson Props., XVIII</u>, 961 F.2d 496, 500-502, 26 C.B.C.2d 1290, 1294-97 (4th Cir.). There should be no question that a rate of 3.25% on a 100% financed loan would be impossible to obtain under a 25-year amortization schedule in the current marketplace. Furthermore, the rate contemplated under the contract is variable because it is to be set at the prime rate. Attempting to force a repayment plan amortized at the current prime rate (3.25%) for 25-years is not "fair and equitable" treatment of UCB's claim, as the prime rate will likely rise to a much higher rate during the 25-year period.

10.

UCB objects to the Plan to the extent that it attempts to modify, amend or change the terms of the underlying security agreement in effect with UCB. 11 U.S.C. § 1129(a)(3).

11.

UCB objects to Section 10.1 of the Plan as it fails to provide that assets of the Debtor remain property of the estate after confirmation. 11 U.S.C. §§ 1141(b) and 1129(a)(3).

12.

UCB objects to the Plan as it is not feasible and the Debtor has not sufficiently demonstrated that the Plan is not likely to be followed by the liquidation of the Debtor. Section 1129(a)(11) requires the plan proponent to show concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the plan. *In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993). The Debtor has provided a rudimentary annualized budget without a sufficiently detailed rentroll to substantiate the income from current and future tenants. Because the Debtor has failed to provide concrete evidence of sufficient cash flow to fund the Plan, this Court should deny confirmation pursuant to 11 U.S.C. § 1129(a)(11).

13.

UCB objects to the Plan, including, but not limited to Sections 10.3, 10.4 and 10.5, to the extent that it impermissibly alters UCB's rights and remedies in guaranty agreements entered into with non-debtor parties prior to the Petition Date. The Plan violates 11 U.S.C. §§ 1129(a)(1) and 1129(a)(3).

14.

UCB objects to Sections 10.3, 10.4 and 10.7 of the Debtor's Plan to the extent that the releases and/or the injunction authorized by §§ 524 and 1141 attempts to alter, amend or interfere with UCB's ability to exercise its rights against the Debtor and the Collateral pursuant to the terms of the underlying Note.

WHEREFORE, UCB prays that this Court deny confirmation of the Debtor's Plan of Reorganization and grant such other and further relief as this Court may deem just and appropriate.

RESPECTFULLY SUBMITTED this **12th** day of **August, 2011.**

/s/ Will B. Geer
WILL B. GEER
Georgia State Bar No. 940493

For the Firm of
STITES & HARBISON, PLLC
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, Georgia  30308
(404) 739-8800 – Telephone
(404) 739-8870 – Facsimile
Email: wgeer@stites.com
Attorneys for United Community Bank

7490A:00332:250278:2:ATLANTA

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 11-59804-WLH |
| MALL OF SUGAR HILL, INC., | CHAPTER 11 |
| Debtor. | |

## CERTIFICATE OF SERVICE

I, Will B. Geer, of the firm of Stites & Harbison, PLLC, 303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, Georgia 30308, certify that I am, and at all times hereinafter mentioned, was more than 18 years of age; and that on August 12, 2011, I served a copy of the foregoing **Objection of United Community Bank to Debtor's Plan of Reorganization** in the above-styled case via First Class U.S. Mail as follows:

Cameron M. McCord
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Mall of Sugar Hill, Inc
P.O. Box 2287
Norcross, GA 30091

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on **August 12, 2011**

/s/ Will B. Geer
Georgia State Bar No. 940493

For the Firm of
STITES & HARBISON, PLLC
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, Georgia 30308
(404) 739-8800 – Telephone
Email: wgeer@stites.com
Attorneys for United Community Bank

7490A:00332:250278:2:ATLANTA